UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shelby Langlands and Melissa Monte,
on behalf of themselves and all other
people similarly situated, known and unknown,

       Plaintiffs,

                                   Honorable Victoria A. Roberts

v.                                 Case No. 15-13551

JK & T Wings, Inc.,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS (ECF NO. 8)**

**I.    Introduction**

Plaintiffs are servers, hosts and bartenders at Defendant's restaurants.  They allege they were paid a sub-minimum wage despite the fact that they performed both tipped and untipped work and should have been compensated at a higher rate for untipped tasks. Two Counts have been voluntarily dismissed leaving only Count 2: violation of the Fair Labor Standards Act ("FLSA") - Dual Occupation.

The Court **DENIES** Defendant's Motion for Judgment on the Pleadings; the Complaint plausibly alleges employees in a tipped occupation are "dual jobs" employees because they were required to perform non tipped duties for more than 20% of a shift and the employer claimed the tip credit for all hours.

1

II.     **Motion for Judgment on the Pleadings**

A.     **Legal Standard**

Federal Rule of Civil Procedure 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). In general, a motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d, 291, 295-96 (6th Cir. 2008).

Judgment may be granted under Rule 12(c) where the movants clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *Beal v. Missouri Pacific R.R.*, 312 U.S. 45, 61 S. Ct. 418, 85 L. Ed. 577 (1941); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 892 (E.D. Mich. 2011). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545,

2

548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.
Ct. 1955, 1970, 167 L. Ed. 2d 929 (2007).

### B.    Discussion

Defendant says Count 2 should be dismissed because: (1) this type of claim has
no statutory or other legal basis and has been rejected by the Eleventh Circuit and the
U.S. District Court for the District of Arizona; (2) the FLSA allows a tip credit when an
employee is in a tipped *occupation*, regardless of the proportion of tipped or non-tipped
duties the employee performs; and, (3) there is no dispute that Plaintiffs are in tipped
occupations and therefore Count 2 fails as a matter of law.

Defendant's emphasis on the "occupation" designation is misplaced.  Under the
Department of Labor's ("DOL") interpretation of the regulation (discussed below), where
facts indicate employees are routinely assigned to maintenance, or that tipped
employees spend a substantial amount of time (in excess of 20 percent) performing
general preparation work or maintenance, no tip credit may be taken for the time spent
in such duties.  While the Complaint could have more detail, it plausibly alleges a claim
and has a basis in law.

The Complaint says Plaintiffs were required to do a number of non-tipped duties
unrelated to their tipped occupations including but not limited to: glassware washing,
cleaning storerooms, refrigerators, bars, sinks, dishwashers and drains, sweeping and
mopping floors, disinfecting ice bins, disposing of expired stock, re-stocking glassware,
preparing items for inventory and performing inventory checks. Plaintiffs say these
duties exceeded 20% of their work time. Plaintiffs do not say whether these duties

3

occurred before, after, or during a shift.

Plaintiffs say the Court should allow Count 2 to continue to discovery because: (1) they plausibly support their allegations; (2) the 20% rule is well established and should be followed; (3) Defendant's cases are distinguishable; and (4) the 20% rule is manageable and prevents abuse of tipped employees.

### 1.   FLSA

Under the FLSA, the minimum wage is $7.25 per hour.  29 U.S.C. §206(a)(1)(C). However, there is an exception for tipped employees who can be paid less.  Section 203(m) provides that an employer may use a tip credit to determine the wages of tipped employees if it (1) pays a cash wage of at least $2.13 per hour; (2) informs the employee; (3) permits employees to retain tips (except for tip pooling); and (4) makes sure the cash wage plus the tip credit equal at least minimum wage each week.  29 U.S.C. §203(m); *Roberts v. Apple Sauce, Inc.*, 945 F. Supp. 2d 995, 999 (N.D. Ind. 2013).  Under the FLSA,  "Tipped employee" means "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."  29 U.S.C. § 203 (t).

Plaintiffs say Defendant cannot claim the tip credit for the time Plaintiffs are employed in a non-tipped occupation.  Count 2 references 29 C.F.R. §531.56(e) which is a regulation issued by the Wage and Hour division of the Department of Labor.  This provision says:

> Dual jobs. In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a

4

month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e).

Defendant says plaintiffs are not like the maintenance man who also has a job as a waiter, but more like the waitress in the above example, who can be required to do tasks other than serve customers during the shift.  Plaintiffs disagree, and say that the amount of other work being required of them is too much and they plausibly hold dual jobs.  Both parties reference opinion letters issued by the DOL's Wage and Hour division in 1980, 1985 and 2009 as well as a 1988 revision to the Field Operations Handbook.

The Handbook provides:

Reg 531.56(e) permits the taking of the tip credit for time spent in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips (i.e. maintenance and preparatory or closing activities). For example a waiter/waitress, who spends some time cleaning and setting table, making coffee, and occasionally washing dishes or glasses may continue to be engaged in a tipped occupation even though these duties are not tip producing, provided such duties are incidental to the regular duties of the server (waiter/waitress) and are generally assigned to the servers. **However, where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties.**

5

U.S. Dept. of Labor Field Operations Handbook Ch. 30d00(e) (Dec. 9, 1988) (available at https://www.dol.gov/whd/FOH/FOH_Ch30.pdf)(last visited May 10, 2016) (emphasis added).

The "20%" rule referenced by both parties comes from this section of the Handbook.  The 2009 opinion letter addressed whether a particular duty is part of a tipped occupation, but that letter was withdrawn within two months with a notice that it may not be relied upon as a statement of agency policy.

Defendant says the DOL's interpretation in the Handbook is not entitled to deference because the DOL's interpretations have changed over time and are inconsistent.  This argument is unpersuasive.  Courts regularly follow the DOL's interpretation of its own regulations.  The fact that the 2009 opinion letter was withdrawn is not a reason to ignore its prior interpretations.

Dismissal of Count 2 at this stage of the litigation is not warranted; Defendant is not clearly entitled to judgment as a matter of law.  Also, the parties dispute the amount of other work being done and whether that falls outside the normal requirements of a tipped position.

### 2.    Defendant's Cases are Distinguishable

In support of its arguments, Defendant relies on three cases, all outside the Sixth Circuit.  In *Pellon v. Bus. Representation Int'l, Inc.*, 528 F. Supp. 2d 1306 (S.D. Fla. 2007), aff'd, 291 F. App'x 310 (11th Cir. 2008), skycaps sued an airport alleging violations of the FLSA.  The district court granted summary judgment in favor of Defendants. *Id.* at 1312. The court found that plaintiffs only performed skycap duties:

6

transporting luggage to TSA screening locations, assisting disabled passengers, charging passengers for overweight baggage, and collecting baggage fees, along with other minor tasks, and that these duties did not establish dual jobs.  The court noted plaintiffs failed to offer evidence that non-skycap duties occupied more than 20% of the workday, and that blanket assertions without specific facts by a few of the fifty-three plaintiffs had no probative value.

*Pellon* is not binding on this Court and while Plaintiffs certainly could provide more factual detail, they have alleged enough to state a claim. To the extent *Pellon* requires more, the Court declines to follow it.

In *Schaefer v. P.F. Chang China Bistro, Inc.*, No. 14-185, 2014 WL 3809069 (D. Ariz. Aug. 1, 2014), servers at a restaurant alleged they were engaged in "dual jobs" but were only paid the tipped wage.  Examples of non-tipped work include preparatory and workplace maintenance tasks, restocking supplies, stocking ice, sweeping floors, stocking food/condiments, brewing coffee, running food to tables, wiping down trays, stocking lemonade mix, cleaning soft drink dispenser nozzles, stocking supplies, replacing syrup for the pop machine, washing dishes, taking out trash, and a few other tasks related to re-stocking supplies.  *Id.* at *1.  Schaefer alleged non-tip work exceeded 20% of his duties and that they belong to a category of employment other than server.

*Schaefer* is not helpful to Defendant.  Defendant relies on *Schaefer* for the proposition that the court did not give deference to the DOL's Handbook.  However, Plaintiffs point out it is the only court that has not adopted the Handbook's interpretation of the regulations.

7

In *Roberts v. Apple Sauce, Inc.*, 945 F. Supp. 2d 995, 998 (N.D. Ind. 2013), a restaurant server filed a class action suit against her employer for violations of the FLSA because she was required to do dishwashing, food prep, kitchen and bathroom cleaning, as well as trash removal.  The court found plaintiff failed to state a claim that she performed duties outside of her tipped occupation because she did not identify how long they took to complete, and how that time related to the rest of her shift. *Id.* at 1003. The court said plaintiff must provide more than an allegation that she performed duties outside her occupation that took up more than 20% of her time.  *Id.* at 1004.

Although Plaintiffs could have provided more detail, such as approximately how many hours of each shift is devoted to non-tipped work or whether that work took place during the shift, the Complaint plausibly states a FLSA dual occupation claim.  The Complaint alleges Plaintiffs cleaned storerooms and did inventory checks, among other things, duties which could reasonably be deemed not to be incidental to the regular duties of a server if required for a substantial portion of the shift.

## III.   Conclusion

Defendant's Motion for Judgment on the Pleadings is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 11, 2016

8

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 11, 2016.

s/Linda Vertriest
Deputy Clerk