UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shelby Langlands and Melissa Monte,
on behalf of themselves and all other
people similarly situated, known and unknown,

    Plaintiffs,

v.

JK & T Wings, Inc.,

    Defendant.
_____/

Hon. Victoria A. Roberts
Case No. 15-13551

**ORDER DENYING PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION OF THEIR FAIR LABOR STANDARDS ACT MINIMUM WAGE LAW CLAIMS AND REQUEST FOR COURT SUPERVISED NOTICE [ECF NO. 16]**

**I.    Introduction**

Plaintiffs Shelby Langlands and Melissa Monte both worked as bartender and server at the Woodhaven location of Buffalo Wild Wings, a restaurant owned by Defendant JK & T Wings, Inc. Only Count 2 remains in the case: violation of the Fair Labor Standards Act ("FLSA").

Theirs is a "dual jobs" claim alleging Defendant violated the FLSA by requiring employees to perform non-tipped tasks for more than twenty percent of their shifts. Plaintiffs seek compensation for this work.

Plaintiffs Amended Motion for Class Certification of their FLSA Minimum Wage Law claims and request for Court supervised notice pursuant to 29 U.S.C. §216(b) is **DENIED**.

1

## II.     Legal Standard

Under the FLSA, the minimum wage is $7.25 per hour.  29 U.S.C. §206(a)(1)(C).  However, an exception allows for tipped employees to be paid less.  Section 203(m) provides that an employer may use a tip credit to determine the wages of tipped employees if it: (1) pays a cash wage of at least $2.13 per hour; (2) informs the employee; (3) permits employees to retain tips (except for tip pooling); and (4) makes sure the cash wage plus the tip credit equal at least minimum wage each week.  29 U.S.C. §203(m); *Roberts v. Apple Sauce, Inc.*, 945 F. Supp. 2d 995, 999 (N.D. Ind. 2013).  Under the FLSA,  "tipped employee" means "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."  29 U.S.C. § 203(t).

The Department of Labor recognizes that sometimes an employee is employed in two occupations for the same employer.

29 C.F.R. §531.56(e) says:

Dual jobs. In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e).

The 1988 revision to the Field Operations Handbook provides the basis for the "20% rule" which is at the heart of this case:

> Reg 531.56(e) permits the taking of the tip credit for time spent in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips (i.e. maintenance and preparatory or closing activities). For example a waiter/waitress, who spends some time cleaning and setting table, making coffee, and occasionally washing dishes or glasses may continue to be engaged in a tipped occupation even though these duties are not tip producing, provided such duties are incidental to the regular duties of the server (waiter/waitress) and are generally assigned to the servers. **However, where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties.**

U.S. Dept. of Labor Field Operations Handbook Ch. 30d00(e) (Dec. 9, 1988) (available at https://www.dol.gov/whd/FOH/FOH_Ch30.pdf)(last visited July 26, 2016) (emphasis added).

Under the FLSA, an employee may bring a lawsuit on her own behalf and for others "similarly situated." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). There are two requirements for a representation action: (1) plaintiffs must be "similarly situated" and, (2) all plaintiffs must affirmatively consent in writing to participate. 29 U.S.C. 216(b); *Comer*, 454 F.3d at 546. Because the FLSA only requires employees to be "similarly situated," a collective action under the FLSA faces a lower burden than those seeking a class certification under FED. R. CIV. P. 23. *Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1009 (6th Cir. 2016).

Neither the FLSA nor the Sixth Circuit has defined the term "similarly situated."

3

*Id.* However, the Sixth Circuit has applied three non-exhaustive factors; other courts find them relevant to the analysis: "(1) the 'factual and employment settings of the individual plaintiffs;' (2) 'the different defenses to which the plaintiffs may be subject on an individual basis;' and (3) 'the degree of fairness and procedural impact of certifying the action as a collective action.'" *Id.* (citations omitted).

Generally, there are two certification phases of an FLSA action. The first occurs at the beginning of discovery; the second at the completion of discovery. *Cason v. Vibra Healthcare*, No. 10-10642, 2011 WL 1659381, at *2 (E.D. Mich. May 3, 2011) (citing *Comer*, 454 F.3d at 546). The first stage involves conditional certification for notice purposes so plaintiffs can opt-in. *Id.* "This initial standard is fairly lenient, and in order to meet this standard, Plaintiffs must simply submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists." *Id.* (citing *Olivo v. GMAC Mortgage Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004)). Once discovery closes, the district court uses a more exacting standard to decide whether employees are similarly situated. *Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1008 (6th Cir. 2016).

### III. Discussion

#### A. Conclusory Allegations are Insufficient to Support Conditional Certification

Defendant says Plaintiffs fail to properly support their motion and that assertions by two employees from one location is an insufficient basis on which to conditionally certify a class of all tipped employees across thirty restaurants. The Court agrees.

In support of their Motion, Plaintiffs attach their declarations. Langlands'

declaration says she was required to perform non-tipped duties on a "regular basis" and they "regularly exceeded 20% of the total time spent working . . . in a given week." ECF No. 16, at 910. Langlands provides no more detail; no list of tasks or an approximate time that it took to complete each task. The declaration is bare bones and does not convey Langlands' individual experience as much as it appears to be a recitation drafted by an attorney. Monte's declaration lists alleged non-tipped tasks. However, like Langlands, she makes no attempt to estimate the time spent on each task or provide any detail regarding how regularly it was assigned. Monte does not say whether she worked an opening, middle, or closing shift.

      Plaintiffs seek to conditionally certify a broad class encompassing employees from multiple restaurants for current and former tipped employees. But they do not provide declarations from anyone who worked as a hostess (Defendant says hostesses receive some tips), nor do they provide declarations from other locations.

      Plaintiffs' remaining evidence fails to make up for the deficiencies of the declarations. They attach pay stubs, a duties checklist from one restaurant location and a copy of the Buffalo Wild Wings handbook which references sidework. But, this alone is not enough evidence of a policy that violates the law. Under a dual jobs analysis, servers may perform side work as long as it is not a substantial amount in excess of twenty percent. Therefore, the fact that Defendant had a policy of requiring some side work does not indicate a violation of the law.

      Without more factual support, the Court is not persuaded that Plaintiffs have sufficiently met their burden, despite the minimal requirements and keeping in mind the broad remedial purpose of the FLSA. *See*, *Monroe v. FTS USA, LLC*, 815 F.3d at

1008.

Plaintiffs say courts around the nation have conditionally certified classes based on the complaint and declarations by the plaintiffs.  But those cases appear to have been supported by more persuasive evidence and employer policies were presented that clearly violated the FLSA.  For example, *Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641 (W.D. Tenn. 2009), is distinguishable because the court already granted conditional certification. Plaintiffs in that case filed a motion for reconsideration seeking to expand the class nationwide based on deposition testimony regarding a new system of compensation.

While Plaintiffs are correct that the Court does not determine the legality of the policy in question at this stage, Plaintiffs must still do more than submit conclusory allegations.

In another case relied on by Plaintiffs, the motion for conditional certification had much greater factual support. *See*, *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 687-88 (W.D. Mo. 2007) (Plaintiffs had already conducted discovery and testified in depositions and submitted sworn affidavits that they were told by their managers to change their time sheets to reflect 40 or fewer hours of work per week).

Likewise, in *Underwood v. NMC Mortgage Corp.*, 245 F.R.D. 720, 722 (D. Kan. 2007), another case relied on by Plaintiffs, conditional certification was granted because Plaintiffs alleged they were required to fill out time cards saying they worked forty hours a week regardless of the actual hours.

No one disputes Defendant requires employees to do non-tipped side work. What is at issue is whether Plaintiffs spend more than twenty percent of their time on

these tasks. Plaintiffs are not able to point to any part of the policy that suggests side work exceeds a permissible amount, and the two declarations fail to provide sufficient factual support for the allegation that these tasks cross an illegal threshold.

Although the burden is light, Plaintiffs must still make a minimal factual showing that they were "victims of a common policy or plan that violated the law." *Comer*, 454 F.3d 547.  The key word here is violated.  There is side work but whether or not there is too much has simply not been shown.

Defendant attaches declarations from fifty servers and bartenders from nine different restaurants denying that non-tipped tasks take up more than twenty percent of their shift.  Defendant also says, at the Woodhaven location, the amount of side work varies.  As for the other locations, Defendant points out that Plaintiffs have not submitted any evidence of job duties at the other restaurant locations nor attached affidavits from any other former or current employees.  Defendant says opening tasks can take anywhere from three minutes to ninety minutes; pre-shift duties/non-opening tasks take a nominal amount of time up to twenty minutes; during shift non-tipped duties take anywhere from three minutes to thirty minutes; and closing tasks range from fifteen to one-hundred and twenty minutes.  Based on these declarations, Defendant says many employees estimate they spend less than twenty percent of their time on non-tipped tasks.

Plaintiffs do not rebut this evidence.  While at this stage, the Court does not "resolve factual disputes, decide substantive issues on the merit, or make credibility determinations," *Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010), nonetheless, Courts have declined to conditionally certify a class when

defendants provide declarations that contradict plaintiffs assertions. *Cason v. Vibra Healthcare*, No. 10-10642, 2011 WL 1659381, at *3 (E.D. Mich. May 3, 2011). In *Cason*, the court noted that it is not aware of a single case in which conditional certification was granted based on the allegations of a single employee. *Id.* at n.3.

What is clear is that Langlands declaration is so devoid of detail that there is only essentially one declaration in support of the Motion. Under these facts, Plaintiffs cannot show certification and notice is appropriate.

### B. Representative Evidence

Plaintiffs say they lack evidence because Defendant did not keep time records of the time spent performing non-tipped tasks. Plaintiffs urge the Court to certify the action and allow Plaintiffs to provide evidence, through expert testimony, that there is a common policy or practice violated by the FLSA. But Plaintiffs reliance on a recent Supreme Court case is misplaced. *See, Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1049 (2016). In *Tyson*, plaintiffs alleged that donning and doffing protective gear was integral to their work at a meat processing plant and challenged the employer's policy of not paying for overtime spent doing those activities. *Id.* at 1042. Plaintiffs in *Tyson* sought certification of a state law claim as a class action under FED. R. CIV. P. 23 and certification of federal claims as a collective action under the FLSA. *Id.* The Supreme Court in *Tyson* took pains to note:

> The Court reiterates that, while petitioner, respondents, or their respective *amici* may urge adoption of broad and categorical rules governing the use of representative evidence in class actions, this case provides no occasion to do so. Whether a representative sample may be used to establish classwide liability will depend on the purpose for which the sample is being introduced and on the underlying cause of action.

*Id.* at 1049.

Plaintiffs may not use the promise of future expert testimony to bypass the minimal factual showing needed at this preliminary stage. The Court finds that notice to potential class members would be improper at this juncture.

Even though the Court denies Plaintiffs' Motion now, the Court may still permit discovery to provide Plaintiffs with another opportunity to obtain sufficient evidence to warrant certification and notice. *See, Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362, at *12 (E.D. Mich. Mar. 23, 2012).

### IV.   Conclusion

Plaintiffs' Amended Motion for Class Certification of their FLSA Minimum Wage Law claims and request for Court supervised notice pursuant to 29 U.S.C. §216(b) is **DENIED** without prejudice.

> S/Victoria A. Roberts
> Victoria A. Roberts
> United States District Judge

Dated:  August 1, 2016

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 1, 2016.
>
> s/Linda Vertriest
> Deputy Clerk