UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SHELBY LANGLANDS AND MELISSA MONTIE,**
on behalf of themselves and all other persons similarly situated, known and unknown,

        Plaintiffs,

vs.

Case No: 2:15-cv-13551-VAR-MJH
Hon. Victoria A. Roberts

**JK & T WINGS, INC.,**
a Michigan for-profit corporation,

        Defendant.

_____/

| | |
|---|---|
| Bryan Yaldou (P70600) | Allan S. Rubin (P44420) |
| Omar Badr (P70966) | Paul Caliguiri (P79664) |
| THE LAW OFFICES OF | Jackson Lewis P.C. |
| BRYAN YALDOU, PLLC | 2000 Town Center Suite 1650 |
| 23000 Telegraph, Suite 5 | Southfield, MI 48075 |
| Brownstown, MI 48134 | Phone: 248-936-1900 |
| Phone: (734) 692-9200 | Fax: 248-936-1901 |
| Fax: (734) 692-9201 | Email: Rubina@jacksonlewis.com |
| bryan@yaldoulaw.com | Email:.Caligiuri@jacksonlewis.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

      NOW COME the parties, by and through their counsel, and respectfully request the Court enter an Order approving the Settlement Agreement reached by the parties in the above-captioned matter. In support thereof, the parties state as follows:

      1.    This Joint Motion is filed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. On September 19, 2016, the parties participated in a settlement conference with the Court. During the Settlement Conference the parties reached a settlement, the material terms of which were placed upon the record in open court. As part of the settlement, the parties agreed to prepare and submit a settlement agreement to the court for approval in accordance with the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.

3. In accordance with the agreement reached at the Settlement Conference, Since that time, the parties have entered into a confidential Settlement Agreement which they have attached as Exhibit C for *in camera* review.

4. The parties urge the Court to find that the proposed settlement is fair, reasonable, and adequate resolution of this matter, in that it was negotiated in good faith, with the assistance of the Court.

5. The proposed settlement provides both plaintiffs with a recovery which the Plaintiffs believe is a fair, adequate and reasonable resolution of the matter.

6. The Plaintiffs' case alleges multiple violations of the Fair Labor Standards Act and currently includes two (2) plaintiffs. If litigation were to continue, it would be lengthy and expensive for all parties. Furthermore, the results of such cases are wide ranging and incapable of being assured to any degree of certainty. Finally, none of the parties are objecting to the settlement, or to the Court authorizing settlement.

WHEREFORE, the parties respectfully request that the Court enter an Order approving the Settlement Agreement in this case, and for all other appropriate relief.

Respectfully Submitted,

/s/ Allan S. Rubin with Consent  /s/Bryan Yaldou
Allan S. Rubin (P44420)  Bryan Yaldou (P70600)
Paul Caliguiri (P79664)  Omar Badr (P70966)
Jackson Lewis P.C.  THE LAW OFFICES OF

| | |
|---|---|
| 2000 Town Center Suite 1650 | BRYAN YALDOU, PLLC |
| Southfield, MI 48075 | 23000 Telegraph, Suite 5 |
| Phone: 248-936-1900 | Brownstown, MI 48134 |
| Attorneys for Plaintiffs Fax: 248-936-1901 | Phone: (734) 692-9200 |
| Email: Rubina@jacksonlewis.com | Fax: (734) 692-9201 |
| Email:.Caligiuri@jacksonlewis.com | bryan@yaldoulaw.com |
| Attorneys for Defendant | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SHELBY LANGLANDS AND MELISSA MONTIE,**

on behalf of themselves and all other persons similarly situated, known and unknown,

       Plaintiffs,

vs.

Case No: 2:15-cv-13551-VAR-MJH
Hon. Victoria A. Roberts

**JK & T WINGS, INC.,**

a Michigan for-profit corporation,

       Defendant.

_____/

| | |
|---|---|
| Bryan Yaldou (P70600) | Allan S. Rubin (P44420) |
| Omar Badr (P70966) | Paul Caliguiri (P79664) |
| THE LAW OFFICES OF | Jackson Lewis P.C. |
| BRYAN YALDOU, PLLC | 2000 Town Center Suite 1650 |
| 23000 Telegraph, Suite 5 | Southfield, MI 48075 |
| Brownstown, MI 48134 | Phone: 248-936-1900 |
| Phone: (734) 692-9200 | Fax: 248-936-1901 |
| Fax: (734) 692-9201 | Email: Rubina@jacksonlewis.com |
| bryan@yaldoulaw.com | Email:.Caligiuri@jacksonlewis.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

_____/

**BRIEF IN SUPPORT OF
<u>JOINT MOTION FOR APPROVAL OF SETTLEMENT</u>**

4

## **TABLE OF CONTENTS**

I. STANDARD OF REVIEW ................................................................................8

II. THE PROPOSED SETTLEMENT IS FAIR AND REASONABLE ....................................9

    1. THE ABSENCE OF FRAUD OR COLLUSION IN THE SETTLEMENT ......................10

    2. COMPLEXITY, EXPENSE, AND LIKELY DURATION OF THE LITIGATION ........10

    3. AMOUNT OF DISCOVERY ENGAGED IN BY THE PARTIES ..................................11

    4. THE LIKELIHOOD OF SUCCESS ON THE MERITS......................................................11

    5. THE OPINIONS OF CLASS COUNSEL AND CLASS REPRESENTATIVES..............12

    6. THE REACTION OF ABSENT CLASS MEMBERS ........................................................12

    7. THE PUBLIC INTEREST................................................................................................12

    8. PLAINTIFFS' COUNSEL IS ENTITLED TO FILE AN APPLICATION FOR REASONABLE AND NECESSARY FEES AND COSTS....................................................13

III. CONCLUSION ...............................................................................................................13

## **QUESTIONS PRESENTED**

Is this Proposed Settlement Fair and Reasonable?

Plaintiffs: Yes

Defendants: Yes

Should this Court GRANT this Joint Motion for Approval of Settlement?

Plaintiffs: Yes

Defendants: Yes

# **TABLE OF AUTHORITIES**

**Cases**

*Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362 (E.D. Mich. Nov. 2, 2012) ... 7, 8

*Crawford v. Lexington-Fayette Urban Cnty. Gov't*, CIV. A. 06-299-JBC, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) ................................................................................................................ 7

*Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994) ........................................................... 12

*Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) ................................................................................. 7

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) ..................... 7, 12

*U.S. v. Rosenwasser*, 323 U.S. 360, 361 (1945) ............................................................. 11

**Statutes**

29 U.S.C. § 216(b) .......................................................................................................... 8, 12

**I. STANDARD OF REVIEW**

As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. Nov. 2, 2012) (J. Lawson) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (Exhibit A). Therefore, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. If the settlement is a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Arrington*, 2012 U.S. Dist. LEXIS 157362, *2 (internal citations and quotations omitted); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1354.

Courts often draw on Rule 23 case law to guide them in reviewing and approving FLSA settlements. The Sixth Circuit has identified seven factors that should aid courts in the determination of whether a proposed FLSA settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Arrington*, 2012 U.S. Dist. LEXIS 157362, *2-3; *see also Crawford v. Lexington-Fayette Urban Cnty. Gov't*, CIV. A. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (Exhibit B). The above list is not exhaustive and courts do not necessarily apply all of the factors. Rather, the factors are guideposts used to determine the

fairness of a proposed settlement. "A court applying these factors must do so in the context of the actual settlement." *Arrington*, 2012 U.S. Dist. LEXIS 157362, *3.

## II. THE PROPOSED SETTLEMENT IS FAIR AND REASONABLE

This matter was filed on October 8, 2015. The Complaint was a detailed set of factual and legal allegations pertaining to FLSA claims and claims for collective action certification under Section 216(b). There was a motion for judgement on the pleadings filed by Defendant and a motion for conditional class certification filed by Plaintiffs in this case. Both were denied by this Court. The Court then set this matter for a Settlement Conference, which was held on September 19, 2016 before this honorable court. At the Settlement Conference, all Parties were present, represented by counsel, and agreed, with the Court's assistance, to the terms of the settlement. The parties believe that the settlement reached, with this Courts active assistance represents a fair, reasonable, and just compromise of disputed issues.

The material terms of the settlement were placed on the record following the settlement. Thereafter, in accordance with the terms reached at the settlement conference, the Parties drafted and then executed a Settlement Agreement, which is attached hetero as Exhibit C. The Agreement is now before the Court for approval.

As this Court observed, the negotiations leading to this settlement were adversarial, non-collusive, and done at arms' length, with the assistance of this Court. The Parties share an interest in fully and finally resolving the issues raised in this action. Because the Parties recognized the expense and risks associated with prosecution and defense through trial and any possible appeal, as well as the risk of uncertainty of the outcome inherent in any litigation, they agreed to be bound by the Settlement Agreement which they now ask this Court to approve. As is common in settlements in the context of the FLSA, the Parties have conditioned the overall Settlement Agreement upon the Court's approval of all its terms.

**1. THE ABSENCE OF FRAUD OR COLLUSION IN THE SETTLEMENT**

In the instant case, there is a *bona fide* dispute over whether Defendant violated the FLSA. Plaintiffs allege Defendant violated the FLSA because they worked as tipped employees in a purported dual-jobs capacity and that Defendant failed to pay Plaintiffs the minimum wage for hours worked in a purported dual-jobs capacity, in excess of 20% of their shift.

Defendant, on the other hand, denies Plaintiffs' claim. Furthermore, Defendant denies that Plaintiffs were employed in "dual jobs," or that such a claim is a valid claim, for employees such as Plaintiffs herein. By settling this matter, Defendant does not concede such claims are valid and continues to vigorously contest Plaintiffs' claims, theories, and job duties.

Nonetheless, the Parties, with the assistance of the Court, were able to reach a resolution of this claim, without either Party forfeiting its positions on contested issues. As this Court is aware, there was no fraud or collusion in the negotiation of this claim. The settlement provides Plaintiffs with an amount that they believe fairly compensates them in this matter, and both Parties will save substantial amounts in costs. Settlement also will eliminate the risks both sides would bear if this litigation continued to resolution on the merits.

The Parties exchanged documents and other data to educate each other about their position. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

**2. COMPLEXITY, EXPENSE, AND LIKELY DURATION OF THE LITIGATION**

The complexity, expense, and length of continued litigation militate in favor of this settlement. Both sides acknowledge that the Parties' respective positions were substantially complicated and uncertain due to numerous factual disputes and legal theories. Should this matter

continue, it is anticipated that there would need to be extensive amounts of discovery and motion practice. Once those issues are decided, any number of scenarios could result.

If Plaintiffs ultimately prevailed at trial, Defendant would be faced with the prospect of a verdict against it and the obligation to pay Plaintiffs' attorney's fees and costs. If Defendant ultimately prevailed, Plaintiffs faced dismissal of their claims and no recovery. For these reasons, this settlement is a reasonable means for the Parties to minimize future risks and litigation costs.

### 3. AMOUNT OF DISCOVERY ENGAGED IN BY THE PARTIES

Formal discovery has not commenced in this case. However, as part of the Parties' preparation for the Court's Settlement Conference, the Parties exchanged relevant data relevant to Defendant's pay practices and Plaintiffs' pay records. The Parties reviewed this information, shared it with their respective clients, had discussions about it, discussed their positions with the Court, and ultimately used it to evaluate the merits of their respective claims and defenses.

### 4. THE LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiffs' likelihood of success on the merits and the amount they would be awarded is uncertain, further suggesting that this settlement is fair and appropriate. The Plaintiffs assert, and Defendant denies, that they are owed compensation for the time they worked in a dual-jobs capacity that exceeded 20% of their shifts under the FLSA. Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and an exercise of resources by both Parties, the specific amount of their recovery is uncertain. Thus, this proposed settlement is a fair and reasonable settlement in relation to the potential risks and recovery in this case.

### 5. THE OPINIONS OF CLASS COUNSEL AND CLASS REPRESENTATIVES

Conditional certification was denied. Thus, this provision is not relevant. Nevertheless, Plaintiffs' counsel and the Named Plaintiffs are of the opinion that this proposed settlement is a fair and reasonable compromise of the disputed issues. This is evidenced by Plaintiffs' and their counsel's signatures on the Settlement Agreement and the statements made on the records following the settlement conference.

### 6. THE REACTION OF ABSENT CLASS MEMBERS

There are no "absent class members" in this case because it was not pled as a Rule 23 class action. Plaintiffs brought this case under the FLSA and its collective-action provision. Further, because FLSA collective actions employ an "opt-in" mechanism, as opposed to the "opt-out" mechanism of Rule 23, no one is bound by this proposed settlement except the two current Plaintiffs and Defendant.

### 7. THE PUBLIC INTEREST

The public interest is served by the proposed settlement as it puts to an end hotly contested and vigorously disputed litigation. With the Court's assistance, each side made substantial concessions to reach a resolution. This ultimately serves the public interests by providing for a just, speedy and inexpensive resolution of highly disputed litigation. (See Fed. R. Civ. Pro. 1) To the extent that the settlement provides for compensation to Plaintiffs, the Plaintiffs believe it serves the purpose and intent of Congress in enacting the FLSA— "to raise substandard wages and to give additional compensation for overtime work . . . thereby helping to protect this nation 'from the evils and dangers resulting from wages too low to buy the bare necessities of life and from long hours of work injurious to health.'" *U.S. v. Rosenwasser*, 323 U.S. 360, 361 (1945) (quoting Sen. Rep. No. 884 (75th Conf., 1st Sess.)).

### 8. PLAINTIFFS' COUNSEL IS ENTITLED TO FILE AN APPLICATION FOR REASONABLE AND NECESSARY FEES AND COSTS

Section 216(b) of the FLSA provides that "[t]he court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). At the settlement conference, the Parties were unable to agree on a resolution of Plaintiffs' Counsel's claims for fees. As such, the Parties agreed that Plaintiffs could file a petition for the award of reasonable fees and costs and that Defendant could oppose such a petition in whole or part. The Settlement Agreement reflects the Parties' agreement.

### III. CONCLUSION

The Settlement Agreement should be approved. With this Court's assistance, the Parties reached a settlement of this matter. The settlement represents an arm's-length negotiation by counsel, reached with the Court's assistance. The Settlement Agreement eliminates the inherent risks both sides would bear if this litigation were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Accordingly, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute, approve the settlement and enter the proposed stipulated order dismissing this case.

Respectfully Submitted,

/s/ Allan S. Rubin with Consent  /s/Bryan Yaldou
Allan S. Rubin (P44420)          Bryan Yaldou (P70600)
Paul Caliguiri (P79664)          Omar Badr (P70966)

| | |
|---|---|
| Jackson Lewis P.C. | THE LAW OFFICES OF |
| 2000 Town Center Suite 1650 | BRYAN YALDOU, PLLC |
| Southfield, MI 48075 | 23000 Telegraph, Suite 5 |
| Phone: 248-936-1900 | Brownstown, MI 48134 |
| Attorneys for Plaintiffs Fax: 248-936-1901 | Phone: (734) 692-9200 |
| Email: Rubina@jacksonlewis.com | Fax: (734) 692-9201 |
| Email:.Caligiuri@jacksonlewis.com | bryan@yaldoulaw.com |
| Attorneys for Defendant | |